## RICE v. WALSH.

An affidavit by a party "that the facts set forth in the above petition, which in his opinion render an injunction necessary, are true to the best of his knowledge and belief," is insufficient to sustain an injunction, for its uncertainty. It is susceptible of two constructions; one of which, that the party means to swear that such of the facts stated in the petition as, in his opinion, render an injunction necessary, are true, would render it defective. The affidavit must be clear and unequivocal, establishing all the facts which would warrant the interference of the court, and laying a clear basis for an indictment for perjury, if any of the assertions be untrue.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge,* J. *H. A. Bullard* and *Frost,* for the appellant. *Warfield* and *Rand,* for the defendant. The judgment of the court was pronounced by

SLIDELL, J. This appeal is taken from a judgment of the court sustaining a motion to dissolve the injunction obtained by plaintiff, upon the ground, among others, that the affidavit was defective. It was in these words: "*Dan Rice,* the above named petitioner, makes oath that the facts set forth in the above petition, which in his opinion render an injuction necessary, are true to the best of his knowledge and belief."

This affidavit is susceptible of two constructions. One is, that the plaintiff means to swear that the facts set forth in the petition are true, and that in his opinion they render an injunction necessary. The other is, that he means to swear that such of the facts stated, as in his opinion render an injunction necessary, are true. Construed in the former sense, the affidavit would be good; in the other, it would be defective.

A party applying for an injunction should present an affidavit clear and unequivocal, establishing, by his oath, all the facts which would warrant the interference of the court, and laying a clear basis for an indictment for perjury, if any of the assertions sworn to be untrue. When the affidavit has a doubtful aspect, as in the present case, the injunction ought not to be granted or maintained. See *Hubert* v. *Toby,* 5 La. 52. *Canal Bank* v. *Carriel,* 3 An. 115.

It is conceded, however, that the allowance of ten per cent interest was incorrect, the case not being within the statute of 1831.

It is therefore decreed, that the judgment of the District court be amended, by striking therefrom the allowance of ten per cent interest, and that so amended it be affirmed; the appellee paying the costs of this appeal.